FERGUSON *v.* FRAZIER ET AL.

(Decided December 7, 1927.)

*Messrs. Ingalls, Landis & Selby,* for plaintiff in error.

*Mr. F. M. Marriott, Jr.,* for defendants in error.

Houck, J. The claimed errors in this case occurred in the common pleas court of Delaware county.

The plaintiff in error here, Victoria Ferguson, was the plaintiff below, and the defendants in error in this court, William and Maude Frazier, were the defendants in the lower court.

Plaintiff brought suit against the defendants on a promissory note for $10,000. The defendants filed an answer, in which they admit the execution and delivery of the note and that it is unpaid. They affirmatively aver that said note was obtained from them by reason of fraudulent acts and conduct of the plaintiff, through her agents or duly authorized representatives. A reply in the nature of a general denial to all of the material allegations of the answer was filed by plaintiff.

Upon these pleadings and the evidence the cause was submitted to a jury, which, after argument of counsel and the charge of the trial judge, returned a verdict in favor of the defendants.

The plaintiff by these error proceedings seeks a reversal of the judgment below, and, from oral argument, as well as written brief, the complained-of errors may be described as follows:

(1) Error in the admission and exclusion of evidence.

(2) Error in the trial judge's charge to the jury in his interpretation of the law as to the constituent elements of fraud.

(3) That the verdict is against the manifest weight of the evidence, because there is a failure of proof of fraud on the part of the defendants.

The trial judge properly held that under the

pleadings the burden of proof was upon the defendants that they establish the material allegations contained in their answer and the affirmative allegations stated therein.

The record in this case discloses that the trial was in progress several days, and that the issues raised by the pleadings and the law applicable to them and the facts were warmly contested. We have read so much of the record as was necessary to determine the question whether the claimed errors, or any of them, were of such substantial nature as would authorize a reviewing court to reverse the judgment.

We are inclined to believe that it is unnecessary to discuss at great length the claimed errors in admission and exclusion of evidence, and deem it only necessary to say that the trial judge, in his admission and exclusion of evidence, was clearly, as we view it, within the law and rules governing the admission and exclusion of evidence. Hence we find that there is no prejudicial error in the record on this score.

As to the question of the error urged by counsel concerning the court's failure to properly interpret and charge the law as to fraud applicable to the facts in this case, we need but say that our examination of the law as given by the trial judge indicates and clearly shows that the court had well in hand the law pertaining to fraudulent transactions and the constituent elements of fraud, and that his charge on this subject was clear, definite, certain, fair, and impartial, and completely covered the issuable facts in the case.

As to the third and last ground of error, as insisted upon by counsel, that the verdict is against

the manifest weight of the evidence, because there is a failure of proof of fraud, we cannot agree with learned counsel. There was some evidence offered on each and all of the material affirmative allegations contained in the answer and defenses essential to a finding for the defendants.

Therefore, the jury would have the evidence of fraud which would vitiate the note in question as established by that degree of proof required in law, which we find from the evidence was so established. After all, it is apparent to the court, as a conclusion reached from the reading of the evidence as contained in the bill of exceptions and as admitted to be true by counsel in argument, that the sole and decisive question in this case is and was one of fact, namely:

"Was the note in suit fraudulently in fact and law obtained from the defendants, and did the plaintiff have knowledge of such acts?"

Counsel for plaintiff in their brief, we think, have stated the real question in this case, when under the head of the issues the following statement is made:

"Plaintiff's action is founded upon a promissory note. Defendants' answer admits the execution and delivery of the instrument and that it is unpaid. The answer sets up certain allegations of fraud, and the reply is a general denial. The sole issue in the case, therefore, is: 'Were the defendants, William Frazier and Maude Frazier, induced to buy the Ferguson real estate by false or fraudulent representations by the plaintiff, Victoria Ferguson, or her agents or representatives?' "

This court could not find language better adapted to determine the one issue of fact in this case than

was set out in the above statement of counsel for plaintiff. It is needless to remind counsel that questions of law are for the court and questions of fact for the jury. The law was properly given by the trial judge, and the jury was fully authorized to find as it did upon the questions of fact involved in this case.

The verdict is not against the manifest weight of the evidence, and there was proof of fraud, in fact, warranting the finding of such on the part of plaintiff or her agents, which would authorize the jury to reach the conclusion it did.

Therefore, the verdict of the jury is not manifestly against the weight of the evidence, but we are satisfied that it is fully sustained by the evidence.

Taking the view we have of the case at bar, we are of the unanimous opinion that there is no prejudicial error in the record that would authorize the reversal of the judgment below.

Therefore, the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

SHIELDS and LEMERT, JJ., concur.